Alexander M. Carnevale, Bar No. 332875
*acarnevale@thompsoncoburn.com*
**THOMPSON COBURN LLP**
10100 Santa Monica Blvd., Suite 500
Los Angeles, California 90067
Tel: (310) 282-2500 / Fax: (310) 282-2501

STEPHEN A. D'AUNOY (*pro hac vice* to be filed)
*sdaunoy@thompsoncoburn.com*
SCOTT H. MORGAN (*pro hac vice* to be filed)
*smorgan@thompsoncoburn.com*
**THOMPSON COBURN LLP**
One US Bank Plaza
St. Louis, Missouri 63101
Tel: (314) 552-6000 / Fax: (314) 552-7000

*Attorneys for Defendant FCA US LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE TROVATO, an individual, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>AARON CHRYSLER OF NORCO, formerly known as BROWNING DODGE, a California Corp.; FIAT CHRYSLER AUTOMOBILES (FCA) US, LLC, a Delaware Corp.; and DOES 1-50, inclusive,<br><br>    Defendants. | CASE NO.<br><br>**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL** |

Defendant FCA US LLC, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes this case to this Court.  As set forth below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).

## I.   BACKGROUND

1. On June 1, 2022, Plaintiff Christine Trovato filed a Class Action Complaint ("Complaint" or "Comp.") known and numbered as *Trovato v. Aaron Chrysler of Norco, et al.*, Case No. CVRI2202212, in the Superior Court of the State of California for the County of Riverside ("the State Court Action").

2. FCA US was served with process and a copy of the Complaint in the State Court Action on July 7, 2022.  No other pleadings or process have been served or entered.  A complete copy of the court file in the State Court Action, including the docket sheet, is attached as Exhibit A.

**A.     Allegations In The Complaint.**

3. According to Plaintiff, in February 2022, FCA US announced a voluntary recall of 16,741 model-year 2017-2018 Chrysler Pacifica Plug-In Hybrid Electric Vehicles ("PHEVs") after detecting a potential trend in fires for certain of the vehicles. *See* Comp., ¶¶ 3-4, 42.

4. The recall was designated Recall 22V-077 by the National Highway Traffic Administration ("NHTSA"). *Id.* at ¶ 4.  The cause of the fires is currently under investigation. *Id.* at ¶ 6.  Because the vehicles can operate using gas or electric power, FCA US recommended as a precaution that owners refrain from recharging the subject vehicles until the root cause is determined. *Id.* at p. 33.  FCA US also recommended that the subject vehicles be parked away from buildings and other vehicles. *Id.*

5. Plaintiff is a California resident who purchased a model-year 2018 Chrysler Pacifica PHEV "in or around January 2018" from Browning Dodge in Norco, California. *See* Comp., ¶¶ 1-2, 16, 31.  Plaintiff alleges that, after "learn[ing] of the

Recall," she "parked the car away from the house and stopped using it." *Id.* at ¶ 5. She later avers that she "minimized using the vehicle." *Id.* at ¶ 34.

6. Plaintiff alleges that she relied on "online advertisements and brochures" about the "safety and security" of the PHEVs, which she says were false. *Id.* at ¶¶ 17, 19. Plaintiff alleges she has "been damaged" because she and her husband "do not feel safe parking their vehicle at their own house," and because she has "stopped charging the vehicle and has minimized using [it] out of fear of immediate catastrophic injury to herself." *Id.* at ¶¶ 34-35.

7. Based on these allegations, Plaintiff seeks to represent a class defined as: "[a]ll owners of [model-year 2017 and 2018 Chrysler Pacifica PHEVs] who purchased or leased their vehicles in the United States," or in the alternative, "[a]ll owners of Class Vehicles who purchased or leased their vehicles in California." *Id.* at ¶¶ 65, 67; *see also id.* at ¶ 10.

8. On behalf of themselves and the putative class, Plaintiff asserts claims for: violation of California's Unfair Competition Law ("UCL") (Count I) (*id.* at ¶¶ 91-111); violation of California's False Advertising Law ("FAL") (Count II) (*id.* at ¶¶ 112-121); fraud and deceit (Count III) (*id.* at ¶¶ 122-130); negligent misrepresentation (Count IV) (*id.* at ¶¶ 131-139); unjust enrichment (Count V) (*id.* at ¶¶ 140-148); negligence (Count VI) (*id.* at ¶¶ 149-156); violation of the Magnuson-Moss Warranty Act ("MMWA") (Count VII) (*id.* at ¶¶ 157-169); breach of express warranty (Count VIII) (*id.* at ¶¶ 170-181); and breach of implied warranty (Count IX) (*id.* at ¶¶ 182-191).

9. Among other things, Plaintiff seeks for herself and the class: (i) an award of "actual, general and special, incidental, compensatory, consequential damages, and restitution and/or disgorgement," (ii) punitive damages, (iii) injunctive relief, (iv) attorneys' fees and costs, and (v) pre-judgment and post-judgment interest. *Id.* at *Prayer for Relief,* pp. 31-32.

**B.     Facts Related To The Number Of Putative Class Members And The Amount In Controversy.**

10.    Plaintiff alleges "there are at least 15,000 purchasers" of the subject vehicles. *See id.* at ¶ 77; *see also id.* at ¶ 42 (alleging 16,741 PHEVs subject to the recall in the United States); *id.* at ¶ 76 (alleging putative class "contains thousands of members").

11.    Based on records available to FCA US, the total price listed on the window sticker for the new model-year 2018 Chrysler Pacifica PHEV that Plaintiff purchased was $44,575.

## II. GROUNDS FOR REMOVAL

12.    "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Reyes v. Carehouse Healthcare Ctr., LLC,* 2017 WL 2869499, *2 (C.D.Cal. 2017).

13.    This Court has jurisdiction of this case under 28 U.S.C. § 1332(d)(2), which is commonly referred to as the Class Action Fairness Act ("CAFA").

14.    Pursuant to CAFA, when the number of putative class members exceeds 100, this Court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which ... any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

15.    Plaintiff is a citizen of the state of California. *See* Comp., ¶ 16. For the purposes of CAFA jurisdiction, as Plaintiff correctly acknowledges, FCA US is a citizen of Delaware under whose laws it was organized and Michigan where its principal place of business is located.[1] *Id.* at ¶¶ 20, 22. Thus, the minimal diversity requirements of CAFA are satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

---

[1] Under a ***CAFA jurisdiction*** analysis, "a limited liability company is deemed

3
FCA US LLC'S NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL

16. And there are more than 100 putative class members. Indeed, Plaintiff avers "there are at least 15,000 purchasers" of the subject vehicles. *See* Comp., ¶ 77; *see also id.* at ¶ 76 (alleging putative class "contains thousands of members").

17. Finally, the amount in controversy far exceeds the sum or value of $5 million, exclusive of interest or costs. Based on records available to FCA US, the total price listed on the window sticker for the new model-year 2018 Chrysler Pacifica PHEV that Plaintiff purchased was $44,575. And Plaintiff seeks to force FCA US to provide them and putative class members "full restitution of all monies paid for the sales price" of the subject vehicles, as well as other "actual, general and special, incidental, compensatory, consequential damages," punitive damages, and attorneys' fees. *See*, *e.g.*, Comp., ¶¶ 110, 120; *see also id.* at ¶¶ 107, 111, 121, 129-130, 147-148, 154, 168-169, 180-181, 190-191, and *Prayer for Relief* at pp. 31-32.

18. With "at least" 15,000 putative class members (*id.* at ¶ 77), even if the value of each putative class member's claim was just 1% of the price of Plaintiff's PHEV (*i.e.*, $445), it is evident that the amount Plaintiff has put into controversy well exceeds the sum or value of $5,000,000.[2] And, that does not even include the claims for punitive damages and attorney's fees. *Id.* at *Prayer for Relief*, p. 37. Thus, there can be no doubt that the requisite amount in controversy is satisfied here.

---

to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *Clemons v. Element Materials Tech. Huntington Beach LLC*, 2022 WL 1203096, *2 (C.D.Cal. 2022) (internal marks omitted).

[2] In *Dart Cherokee*, the Supreme Court made clear that a defendant who removes a case to federal court does not have to submit evidence proving that the amount-in-controversy requisite of CAFA jurisdiction is satisfied until and unless the plaintiff or the court challenges the defendant's position, at which point "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." 135 S.Ct. at 554. FCA US will provide declaratory proof of the amount in controversy if the Court finds it necessary.

19. Because there is minimal diversity, greater than 100 putative class members, and the matter in controversy exceeds the sum of $5 million, this Court has jurisdiction under 28 U.S.C. § 1332(d)(2).

20. No statutory exception to CAFA jurisdiction applies in this case.

### III. REMOVAL IS PROPER AND TIMELY

21. This Notice of Removal is filed within thirty days of July 7, 2022, the date on which FCA US was first served with a summons and the Complaint. Thus, it is timely filed. *See* 18 U.S.C. § 1446(b)(1).

22. A co-defendant's consent is not needed for removal under CAFA.

23. FCA US will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, Riverside County, and provide written notice of the removal to all counsel of record.

24. The United States District Court for the Central District of California embraces the county and court in which Plaintiff filed this case. *See* 28 U.S.C. § 84(c)(3). Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, the above described action now pending against FCA US LLC in the Superior Court of the State of California, County of Riverside, is removed to the United States District Court for the Central District of California.

Dated: July 19, 2022        **THOMPSON COBURN LLP**

　　　　　　　　　　　　　　　　 */s/* Alexander M. Carnevale
　　　　　　　　　　　　　　　　Alexander M. Carnevale

　　　　　　　　　　　　　　　　*Attorneys for Defendant FCA US LLC*